95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Eduardo GUTIERREZ; Maritza Del Carmen
Gutierrez-Lopez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70053.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1996.*
Decided Aug. 8, 1996.
 
 Petition to Review an Order of the Board of Immigration Appeals, Nos. Aak-zrk-ibc, Ard-rhl-dvl.
 B.I.A.
 REVERSED.
 Before: GOODWIN, PREGERSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maritza Del Carmen Gutierrez-Lopez and her minor child David Gutierrez, both Nicaraguan nationals, petition for review of the decision of the Board of Immigration Appeals (BIA). The BIA affirmed the denial by an immigration judge (IJ) of petitioners' application for political asylum and withholding of deportation.[1] Although both the BIA and the IJ found that Ms. Gutierrez-Lopez had suffered past persecution, they concluded that she no longer had a well-founded fear of future persecution because of the 1990 change of government in Nicaragua. We disagree and grant the petition for review.
 
 
 3
 * We review the BIA's decision for substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To obtain reversal, petitioner "must demonstrate that any reasonable factfinder would have to conclude that ... [petitioner] has a well-founded fear of persecution." Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (citations and quotations omitted).
 
 II
 
 4
 In 1982, upon Ms. Gutierrez-Lopez's return from the United States, she was detained at the International Airport outside of Managua, Nicaragua by two State Security policemen. Ms. Gutierrez-Lopez was arrested and jailed on suspicion of being a traitor and working with the CIA. Ms. Gutierrez-Lopez was detained for almost 6 months. During her detention, she was beaten repeatedly and subjected to various body searches as male guards watched. No formal charges were ever brought against Ms. Gutierrez-Lopez. Nor did she ever appear before a judge or magistrate.
 
 
 5
 Ms. Gutierrez-Lopez finally was released from jail with the help of her brother, who was a member of the Sandinista army. As a condition of her release, she promised to participate in the government-sponsored programs of the Sandinistas. And, upon her release, Ms. Gutierrez-Lopez was told that if she ever left Nicaragua again she would be punished and imprisoned for many years. After her release, Sandinista authorities visited her home seven or eight times to check on her. In addition, her house was placed under surveillance.
 
 
 6
 Ms. Gutierrez-Lopez and her son fled Nicaragua in 1987. She was followed by her mother, brother, and other siblings. Her brother was granted asylum on June 25, 1991. Three other siblings also have been granted asylum, while two other siblings have received amnesty. Since her arrival in the United States, Ms. Gutierrez-Lopez has married a lawful permanent resident.
 
 III
 
 7
 An applicant is eligible for political asylum upon a showing of past persecution or a well-founded fear of future persecution on account of one of the enumerated grounds in the Immigration and Nationality Act. Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995) (citing 8 U.S.C. § 1101(a)(42)(A)). Here, both the BIA and the IJ found that Ms. Gutierrez-Lopez had suffered past persecution based on imputed political opinion.
 
 
 8
 Thus, Ms. Gutierrez-Lopez was entitled to a presumption of fear of future persecution in Nicaragua. This presumption, however, is rebuttable. To rebut it, the INS must show, by a preponderance of the evidence, that "since the time the persecution occurred conditions in the applicant's country ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if ... [the applicant] were to return." Id. (quoting 8 C.F.R. § 208.13(b)(1)(i)).
 
 
 9
 Here, the IJ found, and the BIA agreed, that the presumption that Ms. Gutierrez-Lopez continued to fear persecution was rebutted by the change in government in Nicaragua. In making this finding, the IJ took administrative notice of the fact that the Sandinistas had lost the presidency. The BIA upheld the IJ's finding, stating that the record, which includes the Department of State's Country Reports on Human Rights Practices for 1990 (the 1990 Report), supported this finding. As the BIA explained
 
 
 10
 We agree with the immigration judge that, given that the Sandinista Party no longer governed Nicaragua, the respondent had not established that she currently had a well-founded fear of persecution by the Sandinistas, as required for asylum under section 208 of the Act.... She has not shown that a reasonable person in her circumstances would fear persecution.
 
 
 11
 While the respondent asserted at the hearing that, despite the change in government, she would still be imprisoned for leaving the country in spite of her agreement not to, we point out that she has not given any indication, much less any evidence, of even one instance in which the Sandinistas, following their removal from power, have imprisoned or otherwise harmed or have sought to harm any individual upon their return to Nicaragua merely on account of departure from Nicaragua and failure to return, or even on account of suspected collaboration with the CIA many years earlier.
 
 
 12
 There are two problems with the BIA's analysis. First, the record in this case does not support the BIA's finding that, as a result of the election of Violeta Chamorro as president, petitioner's fear of future persecution has dissipated. As the IJ conceded, the 1990 report documents many instances in which individuals have been harassed, tortured, and killed by Sandinistas after the Sandinistas were ousted from the presidency. This evidence shows that despite the change in presidency the Sandinistas have retained their power to persecute individuals they believe to be political opponents.
 
 
 13
 Second, the BIA improperly placed the burden on Ms. Gutierrez-Lopez to show that despite the change in government she still fears persecution. See Singh, 69 F.3d at 378. This burden should have been placed on the INS, because Ms. Gutierrez-Lopez had established past persecution. As discussed above, Ms. Gutierrez-Lopez was entitled to a presumption of future persecution, which could only be rebutted if the INS showed, by a preponderance of the evidence, that the conditions in Nicaragua had changed to such an extent that Ms. Gutierrez-Lopez no longer has a well-founded fear of persecution. See id.
 
 
 14
 In its brief, the government suggests that the INS has satisfied its burden. The INS, however, cannot satisfy its burden solely by pointing to the change in government in Nicaragua. The INS must show that individuals like Ms. Gutierrez-Lopez, who have been persecuted in the past for leaving Nicaragua and for suspicion of working with the CIA, no longer have a reasonable fear of persecution by the army, police, or other security forces. The INS has not made such a showing.
 
 
 15
 The BIA, however, held the INS's burden had been satisfied by evidence that the government in Nicaragua had changed. This fact, according to the BIA, dissipated Ms. Gutierrez-Lopez's fear. But we fail to see how the Sandinista's loss of the presidency makes Ms. Gutierrez-Lopez's fear of persecution unfounded. The record in this case unequivocally reveals that the Sandinistas still control the army, the police, and the other security forces.
 
 IV
 
 16
 As set forth above, we find that Ms. Gutierrez-Lopez and her son are eligible for political asylum. The petition for review is GRANTED.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 David Gutierrez seeks asylum through his mother